John Mingle et al., Respondents, v Barone Development Corporation, Appellant. (Appeal No. 1.) [723 NYS2d 922] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Niagara County, Fricano, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.

 John Mingle et al., Respondents-Appellants, v Barone Development Corporation, Appellant-Respondent. (Appeal No. 2.) [723 NYS2d 803] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Although Supreme Court properly denied plaintiffs' cross motion seeking partial summary judgment on liability on the Labor Law § 241 (6) claim, it erred in denying defendant's motion seeking summary judgment dismissing that claim. John Mingle (plaintiff) was a

member of a crew laying sewer pipe. He was cleaning a pipe that was to be placed in a trench and was injured when he was struck by the boom of a backhoe that was excavating the trench. The Labor Law § 241 (6) claim is based upon the alleged violations of 12 NYCRR 23-9.4 (h) (4) and 23-9.5 (c). 12 NYCRR 23-9.4 (h) (4) provides that "Unauthorized persons shall not be permitted in the * * * [area] immediately adjacent to * * * [a power shovel] in operation." Pursuant to that part of 12 NYCRR 23-9.5 (c) relied upon by plaintiffs, "No person other than the pitman and excavating crew shall be permitted to stand within range of the back of a power shovel or within range of the swing of the dipper bucket while the shovel is in operation."

Defendant contends that 12 NYCRR 23-9.4 (h) (4) is not applicable here because plaintiff was not an "unauthorized" person. We agree. Plaintiff was injured while performing an assigned task in an area adjacent to the trench and approximately six or seven feet away from the backhoe. Under any view of the facts, plaintiff was not an "unauthorized" person "in the * * * [area] immediately adjacent to * * * [a power shovel] in operation" (12 NYCRR 23-9.4 [h] [4]).

Furthermore, plaintiff was a member of the "excavating crew" within the meaning of 12 NYCRR 23-9.5 (c). Contrary to the contention of plaintiffs, the task of cleaning the pipe was an integral part of the excavation operation and thus that task could be performed "within range of the swing of the dipper bucket while the shovel [was] in operation" (12 NYCRR 23-9.5 [c]). We thus modify the amended order by granting defendant's motion in its entirety and dismissing the complaint. (Appeals from Amended Order of Supreme Court, Niagara County, Fricano, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.